UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
ROCIO BECERRA,

                Plaintiff,

                                                **MEMORANDUM
                                                AND ORDER**

          -against-                                    CV-14-3147(JFB) (AYS)

WELL MAID CLEANING ENTERPRISES,
INC. WELL MAID CLEANING SERVICE,
INC., and SALVADOR FRISINA,
*Individually,*

                Defendants,

-------------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

      This is an action commenced by Plaintiff Rocio Becerra ("Plaintiff") pursuant to Federal and New York State labor laws. Plaintiff alleges claims seeking damages for unpaid wages, unpaid overtime wages and related statutory damages. In addition to alleging wage claims, Plaintiff's complaint alleges that Defendants violated state record-keeping and posting requirements. Finally, Plaintiff's complaint sets forth a New York State law claim of unlawful retaliatory discharge. Named as Defendants are Well Maid Cleaning Enterprises, Inc., Well Maid Cleaning Service, Inc. (the "Corporate Defendants") and individual Defendant Salvatore Frisina ("Frisina") (collectively "Defendants"). Presently before the court is the District Court's referral of the issue of damages, following that Court's entry of a judgment of default against the Corporate Defendants.[1]

---

[1]     There is no evidence that the individual defendant Frisina was ever served, and Plaintiff has sought no judgment of default as to him.

1

For the reasons set forth below, this Court holds that a hearing is necessary to afford the Plaintiff the opportunity to clarify and set forth sufficient factual information to properly support her claim of damages. At that hearing Plaintiff will have the opportunity to present facts in support of her wage and overtime claims, as well as her claim for back pay alleged to be due as a result of Defendants' alleged unlawful retaliation. Finally, at the conclusion of the hearing Plaintiff's counsel may, if appropriate, submit a more detailed claim for attorney's fees and costs. The hearing is hereby scheduled for October 15, 2015 at 9:30 A.M.

To facilitate the proper presentation of evidence at the hearing, the Court sets forth below the facts presently alleged, as well as the standards applicable to the rendering of a legally supported award of damages on the claims asserted.

## BACKGROUND

I.   Facts

Becerra's complaint alleges that she was employed by Defendants for a period of approximately one year beginning on December 17, 2011, and ending toward the end of 2012. Complaint appearing as Docket Entry ["DE"] No. 1 herein at ¶ 22. Plaintiff's employment began shortly after she was interviewed by Frisina, who offered her a job as a cleaner at an hourly wage of ten dollars. [DE 1 at ¶11, 20- 21]. Plaintiff states that she worked for Defendants until Frisina stopped calling her for jobs. [DE 1 at ¶22].

Becerra's complaint alleges that she worked twelve hours per day, seven days a week. [DE 1 at ¶27]. Despite the promise of a ten dollar hourly wage, Becerra states that she was paid only $150.00 in cash every week, regardless of the number of hours she worked, and that she never received overtime compensation. [DE 1 at ¶29]. Additionally, Becerra alleges that there were weeks when she did not get paid at all. [DE 1 at ¶32 and 33]. Becerra's $150.00 stated

wage, when considered along with the eighty-fours hours alleged to have worked every week results in an hourly pay rate at $1.79. She therefore alleges that she earned far less than the applicable minimum hourly wage of $7.25, was never paid overtime wages, and that Defendants have therefore violated both the Fair Labor Standards Act (the "FLSA") and the New York State Labor Law (the "NYLL"). [DE 1 ¶¶ 28-31].

Becerra's complaint also sets forth facts in support of a NYLL claim of retaliatory discharge. Specifically, she states that in September and December of 2011, she complained to Frisina about the failure to page wages, and requested that Defendants comply with the law. [DE 1 at ¶34]. It is alleged that after her December 2011 complaint, Defendants stopped calling Becerra for jobs, and would not return her calls. She therefore concludes that she was effectively terminated in late December of 2011 for complaining about her pay. [DE 1 at ¶40 and 41].

Becerra denies having any supervisory or managerial responsibilities as part of her duties. [DE 1 at ¶26.] Defendants, on the other hand, are alleged to have shared supervisory control over the terms and conditions of Plaintiff's employment. See [DE 1 at ¶10; 13-16]. They are each therefore alleged to be liable as employers, within the meaning of the FLSA. [DE 1 at ¶17-18]. Plaintiff further alleges, upon information and belief, that Defendants grossed more than $500,000 in the year of Plaintiff's employment, thus bringing Defendants within the jurisdiction of the FLSA. [DE 1 at ¶19].

II. Claims Alleged

The Complaint sets forth eight separate causes of action. Count One alleges a failure to pay minimum wages pursuant to 29 U.S.C. §206. Count Two alleges a failure to pay overtime wages pursuant to 29 U.S.C. §207. Counts Three and Four allege parallel wage and overtime claims in violation of the NYLL. Counts Five though Eight of the Complaint allege NYLL

violations for: (1) retaliatory discharge (Court Five); (2) failure to pay spread of hours compensation (Count Six); (3) failure to keep proper employee records (Count Seven) and (4) failure to properly post employee rights in the workplace (Count Eight).

III.  Default of the Corporate Defendants

Becerra's complaint was filed on May 20, 2014. [DE 1]. The complaint was served on the Corporate Defendants on May 27, 2014. [DE 5]. On October 15, 2014, Becerra filed a request for entry of default against the Corporate Defendants. [DE 9]. The Clerk of this Court noted that default on October 16, 2014. [DE 10]. Thereafter, on November 11, 2015, Becerra filed a motion for default judgment. [DE 11-16]. On November 12, 2014, Hon. Joseph F. Bianco ordered that Defendants respond in writing, within fourteen days, as to why default should not be entered, noting that a failure to respond will result in the entry of default judgment. [DE 17]. On January 12, 2015, well after the expiration of the time in which to respond to his order, Judge Bianco issued an order granting Becerra's motion for default judgment, but found that an inquest as to damages was necessary prior to making any award of damages. [DE 18]. Judge Bianco then referred the motion to the then-assigned Magistrate Judge for a report and recommendation on the issue of damages. [DE 18]. On March 18, 2015, this case was reassigned to this Court.

IV.  The Motion for Default Judgment and Supporting Papers

Becerra seeks damages associated with the previously entered default judgment against the Corporate Defendants as follows:

- unpaid minimum wages, overtime wages, spread of hours wages, and liquidated damages in the amount of $141,960.00;

- back pay damages in the amount of $157,940;

- prejudgment interest in the amount of $26,991.00;

- attorney's fees in the amount of $5,950.00, and

4

- disbursements in the amount of $655.29.

[DE 16 ¶20].[2] In support of her motion, Plaintiff relies on her personal affirmation as well as the declaration of her attorney.

Becerra's affirmation is reasonably clear as to the dates upon which she commenced and stopped working for Defendants. Thus, Becerra states that she was interviewed by Frisina on or about December 16, 2010, and started work the next day. [DE 13-1 ¶¶ 2-4]. As to the terms of her employment, Becerra states that she waited each morning to be called by Frisina who told her where to report for work. [DE 13-1 ¶ 5]. Plaintiff characterizes herself as "an exemplary employee," who was "never reprimanded and always received compliments for [her] work performance." [DE 13-1 ¶ 6]. Plaintiff continued to work for Defendants until "the beginning or about late December 2011," when Frisina stopped calling her to report for work. [DE 13-1 ¶¶ 20-22]. As noted above, Plaintiff's effective termination is stated to have occurred on the same date that she lodged her second complaint about Defendants' failure to pay her earned wages. [DE 13-1 ¶¶ 18-23].

Like her complaint, Plaintiff's affidavit sets her hourly regular rate of pay at ten dollars, [DE 13-1 ¶ 3], and reiterates that she was, in fact, paid only a weekly cash wage of $150.00. [DE 13-1 ¶¶ 11, 13]. Plaintiff states that she received no pay stub or other record of wage payment. [DE 13-1 ¶ 12]. While Plaintiff states, as noted above, that she worked for Defendants for approximately one year, Plaintiff does not identify particular work weeks during which she worked particular hours. Nor does she state, even approximately, the number of weeks during which she worked seven days or the number of weeks during which she was not paid. While

---

[2] In her motion, Becerra does not seek damages or other relief based upon Counts 7 or 8.

Plaintiff states that she was told where to report each day, she sets forth neither the location of her employment nor the daily hours of arrival or departure.

As to her New York state law claim of retaliatory discharge, Plaintiff's affidavit refers to her September and December of 2011 complaints to Frisina. Plaintiff refers to her September 2011 complaint as addressing Frisina's "blatant failure to pay wages," and her request "that Defendants comply with the law and properly pay wages." [DE 13-1 ¶ 16]. Frisina is stated to have responded "just wait." [DE 13-1 ¶ 16]. Plaintiff's December 2011 wage complaint is alleged to have been answered by Frisina's statement that Plaintiff's "personal problems" didn't interest him. [DE 13-1 ¶ 19]. The day following this comment Defendants are stated to have stopped calling Plaintiff for jobs and to have refused to return her calls. [DE 13-1 ¶¶ 19-22].

Plaintiff's calculation of wage-related damages is based upon the claimed hourly rate and hours set forth above. While Plaintiff's affirmation contains specific factual allegations as to the circumstances of her claimed retaliatory discharge, it fails to set forth any basis for the calculation of the back pay damages sought. Instead, the amount appears only in Plaintiff's counsel's declaration which states simply that "since Defendants unlawfully terminated Plaintiff's employment solely in retaliation for complaining about Defendants failure to pay minimum wage and overtime," Plaintiff is also owed "approximately" $157,940.00 "in back pay resulting from the unlawful retaliatory termination." [DE 16 ¶ 7]. Counsel's declaration offers no information as to the calculation of that damage award.

In addition to seeking wage and retaliation damages, Plaintiff seeks an award of attorney's fees. As to that award, Plaintiff's attorney sets his hourly rate at $350.00, and states that he worked a total of seventeen hours on Plaintiff's case. [DE 16 ¶ 15]. He therefore seeks a total of $5,950.00 in legal fees. [DE 16 ¶ 15]. The attorney hours are generally alleged to include

time for drafting, filing and serving the summons and complaint, discussing details of the case with Plaintiff, preparing damages calculations and moving for an entry of default. [DE 16 ¶ 16]. Counsel also states that he incurred a $400.00 filing fee in connection with the filing of the summons and complaint, $237.00 on process server fees, and $18.29 for postage and delivery of correspondence to the defendants. [DE 16 ¶ 17-19]. No exhibits are submitted with counsel's declaration to support the attorney hours or the costs alleged to have been incurred.

Having summarized all of Plaintiff's current factual allegations in support of her damages claims, the Court turns to discuss the standards applicable to the making of any award.

## DISCUSSION

I.   Legal Principles

   A.   Standards Applicable to Damages Award Following Default Judgment

Unlike allegations pertaining to liability and proximate cause, allegations set forth in connection with damages are not deemed admitted on account of a defendant's default. Greyhound Exhibitgroup, Inc v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992); Olvera v. Los Taquitos Del Tio Inc., 2015 WL 3650238, at *1 (E.D.N.Y. 2015); Guaman v. Krill Contracting, Inc., 14-CV-4242 FB RER, 2015 WL 3620364, at *2 (E.D.N.Y. 2015). Instead, a plaintiff seeking damages from a defaulting defendant must prove entitlement to damages to a "reasonable certainty." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 153 (2d Cir. 1999); Olvera, 2015 WL 3650238 at *1. The party seeking damages is entitled to all "reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir.1981); Rodriguez v. Almighty Cleaning, Inc., 784 F.Supp.2d 114, 125 (E.D.N.Y. 2011). Nonetheless, a court must "ensure that there is a basis for the damages sought by a plaintiff before entering judgment in the amount demanded." Avelar v. Ed Quiros, Inc., 2015 WL

1247102 at *7 (E.D.N.Y. 2015).

The court determining damages has the discretion to hold an evidentiary hearing. Fed. R. Civ. P. 55(b)(2); see Castellanos v. Deli Casagrande Corp., 2013 WL 1207058 at *3 (E.D.N.Y. 2013). Such a hearing is not required, however, so long as documents submitted, such as detailed affidavits, allow the court to conduct an inquiry sufficient to establish damages to a reasonable certainty. Avelar, 2015 WL 1247102 *7. Where there has been a default in a case alleging wage violations, the plaintiff's recollection and estimates of the hours worked are presumed correct and are often sufficient to support a damages award. E.g., Rodriguez, 784 F.Supp.2d 114 at 126; Chun Jie Yin v. Kim, 2008 WL 906736 at *3 (E.D.N.Y. 2008).

    B.    <u>Plaintiff's Claim for Wages and Overtime Damages</u>

Under the FLSA, an employee is entitled to recover "the amount of their unpaid minimum wages, [and/] or their unpaid overtime compensation." 29 U.S.C. § 216(b). Like the FLSA, the NYLL provides that an employee is entitled to recover unpaid minimum wages and overtime. 12 N.Y.C.R.R. §§ 142–2.2, –2.4. Unpaid overtime wages are calculated by multiplying the New York minimum wage rate or the FLSA minimum wage rate, whichever is higher, by 0.5 to determine the additional amount owed per hour over 40 hours worked. 29 U.S.C. § 207(a)(1); NYCCR 12 § 142–2.2; Rodriguez, 784 F.Supp.2d at 125. That amount is then multiplied by the number of hours of overtime worked per week to yield a sum of overtime pay owed per week. The totals for each week are then aggregated to calculate the total amount of overtime wages owed. Mendez v. Casa Blanca Flowers, Ltd., 2014 WL 4258943 * 3 (E.D.N.Y. 2014). "Even when wages exceed the minimum prescribed by Congress, [employers] must respect the statutory policy of requiring the employer to pay one and one-half times the regularly hourly rate for all hours actually worked in excess of [forty]." Avelar, 2015 WL 1247102 at *5 (quoting

Walling v. Helmerich & Payne, Inc., 323 U.S. 37, 42 (1944).

While both the federal and state statutory schemes place the burden of showing hours worked on the employee, see Avelar, 2015 WL 1247102 at *6, the employer is charged with maintaining accurate records of an employee's hours. Guaman, 2015 WL 362036 at *7. When the employer's records are inadequate, an employee may meet his burden of showing hours worked by producing "sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." Rivera v. Ndola Pharmacy Corp., 497 F.Supp.2d 381, 388 (E.D.N.Y. 2007).

Both Federal and New York State law provide for enhanced damages equivalent to 100% of the total amount of the wages found to be due. As to such enhanced damages, federal law places the burden of establishing that liquidated damages should not be awarded on the employer. Reich v. S. New England Telecomm. Corp., 121 F.3d 58, 71 (2d Cir.1997). Under state law, willfulness is established where employers voluntarily underpay employees. Moon v. Kwon, 248 F.Supp.2d 201, 235 (S.D.N.Y. 2002). These standards have been recognized to be essentially the same. Id. Where, as here, the employer defaults, an award of liquidated damages under both federal and state law is appropriate. Guaman, 2015 WL 3620364, at *10.

While the FLSA and NYLL minimum wage and overtime provisions are the same (with Plaintiff being allowed to collect the greater of the federal or state hourly wage), New York law allow an additional basis for wages. Specifically, New York State law provides for "spread of hours" wages. This provision allows workers to claim, in addition to minimum and overtime wages, an extra hour's worth of pay at the minimum wage for each day he works in excess of ten hours. Mendez, 2014 WL 4258943, at * 3.

Finally, as to prejudgment interest, such an award is not available when an award of

liquidated damages applies. Prejudgment interest may be awarded, however, with respect to violations of state law. Thus, a plaintiff may be awarded prejudgment interest only as to claims for which no FLSA liquidated damages have been assessed. Brooklyn Savings Bank v. O'Neil, 324 U.S. 697, 714-16 (1945); Brock v. Superior Care, 840 F.2d 1054, 1064 (2d Cir. 1988); Gunawan v. Sake Sushi Rest., 897 F.Supp.2d 76, 92–93 (E.D.N.Y. 2012). Unlike prejudgment interest, an award of post-judgment interest is available as of right. Guaman, 2015 WL 3620364, at *11.

        C.      <u>Facts Necessary to Plead a Claim for Wages and Overtime Damages</u>

In view of the fact that it is Plaintiff's burden to prove entitlement to damages to a "reasonable certainty," this Court must consider the nature of the proof required to prove such damages where, as here, a plaintiff seeks minimum wage, overtime and related enhanced damages. The Second Circuit has spoken explicitly as to the level of pleading required to state a claim for overtime wages. See Lundy v. Catholic Health Sys. of Long Island Inc., 711 F.3d 106, 114 (2d Cir. 2013); Nakahata v. New York–Presbyterian Healthcare Sys., Inc., 723 F.3d 192, 200 (2d Cir. 2013); Dejesus v. HF Mgmt. Servs., LLC, 726 F.3d 85, 88 (2d Cir. 2013), cert. denied, 134 S. Ct. 918 (2014).

Similar to the "reasonable certainty" standard required to prove entitlement to default damages, the Second Circuit has held that a plaintiff seeking to state a claim for overtime wages must plead facts sufficient to support a "reasonable inference" that he worked more than forty hours in a given week. Dejesus, 726 F.3d at 90 (2d Cir. 2013). While such hours need not be pled with exact "mathematical precision," a plaintiff seeking overtime wages is required to draw from his "memory and experience" when pleading hours worked. Id. Facts thus drawn from memory must provide "sufficient detail about the length and frequency" of hours worked so as to

"support a reasonable inference that [plaintiff] worked more than forty hours in a given week." Dejesus, 726 F.3d at 90 (2d Cir. 2013). The pleading of such factual context allows a plaintiff to "nudge [his] claim 'from conceivable to plausible.'" Dejesus, 726 F.3d at 90 (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see Lundy, 711 F.3d at 114 n.7 (approximation of overtime hours worked, while "not needed in all cases," may "help draw a plaintiff's claim closer to plausibility").

While Lundy, Nakahata and Dejesus arose in the context of assessing the factual sufficiency of claims for overtime wages, this court sees no difference in applying their plausibility pleading requirements to claims alleging the failure to pay plaintiff a minimum wage. Moreover, the Court can also find no real difference between the requirement of pleading facts to support a "reasonable inference" of hours worked to avoid dismissal, and those required to support damages to a "reasonable certainty." Indeed, research reveals that the Second Circuit's wage pleading requirement has been applied not only in the context of motions to dismiss wage claims, but also in the context of a case seeking damages in cases of default. Thus, the failure to properly allege hours worked can lead to dismissal in the context of a motion to dismiss, or to a denial of an award of damages following entry of a default judgment. E.g., Ayala, 14-CV-6035 ADS SIL, 2015 WL 4509133 (E.D.N.Y. 2015) (motion to dismiss); Ferrera v. Tire Shop Center, 14-CV-4657 FB LB, 2015 WL 3562624 (E.D.N.Y. 2015) (default). In both types of cases, however, courts routinely allow plaintiffs the opportunity to properly replead to properly state previously insufficiently supported claims. E.g., Ayala, 2015 WL 4509133, at *12; Ferrera, 2015 WL 3562624, at *5.

With these pleading standards in mind, the court turns to consider the issues referred to this Court for report and recommendation, i.e., whether Plaintiff has sufficiently pled her claim

for damages, and, if so, the amount to be awarded.

II.     The Sufficiency of Plaintiff's Pleading Minimum Wage and Overtime Claims

Plaintiff's minimum wage and overtime claims are supported by the complaint and affidavit allegations referred to above. In support of her claims, Becerra's affirmation specifically states only the following:

- I regularly worked approximately seven (7) days a week and approximately twelve (12) hours each day. DE 13-1 ¶9.

- In addition, while I worked approximately eighty-four (84) hours a week, Defendants paid me a total of only $150.00 per week – approximately $1.79 an hour. DE 13-1 ¶ 13.

- Furthermore, there were many weeks during which Defendants failed to pay me any wages at all for my work." DE 13-1 ¶14.[3]

The Court has considered the allegations set forth above and holds that those allegations fail to rise to the level of pleading required by the Second Circuit and are therefore insufficient for this court to make a reasonably specific determination as to damages. Particular support for this holding appears in Dejesus, wherein the Second Circuit cited with approval a case holding allegations similar to those made by Plaintiff herein to be insufficient to state a claim for wages due. Dejesus, 726 F.3d at 89 (citing Pruell v. Caritas Christi, 678 F.3d 10, 12 (1st Cir. 2012)). In Pruell, the case cited by the Second Circuit, the First Circuit considered the sufficiency of the plaintiffs' statements that that they "'regularly worked' over 40 hours a week and were not compensated for such time." Id. at 12. The Pruell court described such allegations as consisting of "borderline phrases," which were "so threadbare or speculative that they fail to cross 'the line

---

[3]     Counsels' declaration also refers to the hours Plaintiff worked. While that affirmation is certainly not made on personal knowledge, it is no more specific, stating only that Becerra worked "approximately fifty-two (52) weeks." Declaration of Counsel in Support of Plaintiff's Motion for Default Judgment, DE 16 at ¶ 5.

between the conclusory and the factual." Id. at 13. The court therefore concluded that "the quoted language is little more than a paraphrase of the statute," Id., and affirmed the district court's dismissal of the complaint for failure to state a claim. Id. at 15.

Plaintiff's allegations here, which state only that Plaintiff "regularly" and "approximately" worked 84 four hours, seven days a week for fifty-two weeks, are substantially the same as those set forth in Pruell. In light of the fact that the Second Circuit agreed that such allegations do not support the reasonable inference of facts necessary to survive a motion to dismiss, they similarly do not rise to the level of those reasonably specific enough to support a damages award.

For the foregoing reasons, the Court holds that Plaintiff's allegations of hours worked are insufficient to support the damages sought. The Court will not, however, recommend dismissal of Plaintiff's damages claim at this time. Instead of such a recommendation, the Court will hold a Rule 55 inquest to allow Plaintiff the opportunity to give testimony regarding her entitlement to damages.

With respect to the law to be applied at the inquest, the Court recognizes that in the absence of a specific exemption, there is certainly no question as to a plaintiff's entitlement to earn at least a minimum wage. Further, no court requires that a plaintiff seeking wages maintain meticulous records of hours worked, and, as noted, it is the employer's burden to maintain proper records. Guaman, 2015 WL 362036, at *7. Nonetheless, a plaintiff seeking damages must do more than simply parrot the words of the applicable statutes to support an award. After all, it is plaintiffs' "memory and experience that lead them to claim in federal court that they have been denied overtime in violation of the FLSA in the first place," and they must draw on those resources in providing complaints with sufficiently developed factual allegations." Dejesus, 726

F.3d at 89. Thus, the plaintiff must at least provide the court with the reasonably detailed benefit of her recollection regarding hours worked. Such recollection will put the court in a position to make a plausibly supported award of damages.

To be clear, at the inquest it is expected that Plaintiff will provide testimony that does more than merely restate statutory standards, or refer only to approximate number of hours and weeks worked. Instead, Plaintiff should be prepared to testify with greater factual detail as to when her duties were performed. In light of her claims, Plaintiff can properly supplement her complaint and affidavit testimony by supplying more specific information regarding the location of places she worked, the time when she was expected to report, whether she took any breaks and when she left the worksites. She must also support any claim that she worked without pay by setting forth the number of such weeks and dates when she worked without pay. Plaintiff need not produce records or have a crystal clear recollection of each days' work. She must do more, however, that state only her general approximation of having worked exactly the same number of hours, with no time off, for a year, along with the allegation of not being paid during an unspecified number of weeks.

III.     Plaintiff's Back Pay Claim for Retaliatory Discharge

In addition to seeking wage and hour-related awards as set forth above, Plaintiff seeks damages in connection with a New York State law claim of retaliatory discharge. With respect to that claim Plaintiff alleges that she is owed "approximately" $157,940.00 "in back pay resulting from the unlawful retaliatory termination." DE 16 ¶ 7. In factual support of her retaliation claims Plaintiff sets forth the allegations as to her September and December 2011 complaints which were followed by her effective termination.

As to the law prohibiting retaliatory discharge, New York State law contains a broad anti-

retaliation provision, protecting even those employees who merely complain to their employers as to conduct that the employee, "reasonably and in good faith, believes" violates any provision of the Labor Law. See N.Y. Labor L. §215(1).With respect to retaliation damages, New York State law allows the court to "order all appropriate relief," including "an award of lost compensation and damages, costs and reasonable attorneys' fees." Liquidated damages are also available in an amount not to exceed $20,000. N.Y. Labor L. §215(2)(a).

Plaintiff has submitted no proof to support the $157,940 sought as back pay damages in connection with her claim of retaliatory discharge. Indeed, the amount sought appears in no document sworn to by Plaintiff, but instead appears only in Plaintiff's attorney declaration. See [DE 16 ¶ 7]. That declaration includes no document evidencing any calculation for the damages sought. In light of the fact that the court is scheduling a Rule 55(b)(2) inquest on Plaintiff's wage and overtime claims, the court will also hear testimony regarding any claim of damages related to Plaintiff's claim of retaliation.

IV. Claims for Attorney's Fees and Costs

Both the FLSA and NYLL provide for recovery of reasonable attorneys' fees and costs by successful plaintiffs. See 29 U.S.C. §216(b); N.Y. Labor L. §§198(1-a),(1-d). The statutes similarly allow prevailing plaintiffs to recover costs from defendants. 29 U.S.C. §216(b); N.Y. Labor L. §663(1). Counsel seeking such awards bear the burden of supporting their claims of hours expended by submission of accurate, detailed and contemporaneous time records. N.Y. State Ass'n for Retarded Children, Inc. v. Carey, 711 F.2d 1136, 1147-48 (2d Cir. 1983).

In support of her request for fees, Becerra relies solely on a declaration of counsel. Plaintiff's counsel's declaration in support of a fee award, which contains neither contemporaneous time records nor appropriate justification for the hourly fee sought, is plainly

insufficient to support any fee award. Becerra has similarly provided no documentation to support the costs sought.[4] See Jaramillo v. Banana King Restaurant Corp., 12-CV-5649, 2014 WL 2993450, *9 (E.D.N.Y. 2014). Rather than recommending outright dismissal of any claim for fees and/or costs, the court will allow counsel to submit a more detailed claim after the inquest is held. If plaintiff prevails and such fees and costs are appropriately supported, an award will follow.

## **CONCLUSION**

For the foregoing reasons, the court directs Plaintiff to appear for an Inquest on damages to be held before this Court on October 15, 2015 at 9:30 A.M. In the event that this date is inconvenient for Plaintiff or counsel, counsel shall request an adjournment setting forth three alternative dates upon which the inquest may be held.

Dated: Central Islip, New York
August 21, 2015

/s/ Anne Y. Shields
Anne Y. Shields
United States Magistrate Judge

---

[4] While this court will take judicial notice of the $400 filing fee, any additional costs must be supported by adequate records for this Court's consideration.