FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   NOV 24 2015   ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X

ROCIO BECERRA,

    Plaintiff,

        – against –

WELL MAID CLEANING ENTERPRISES, INC.,
WELL MAID CLEANING SERVICE, INC., AND
SALVADOR FRISINA,

    Defendants.
----------------------------------X

ORDER
14-CV-3147 (JFB)(AYS)

JOSEPH F. BIANCO, District Judge:

On May 20, 2014, plaintiff Rocio Becerra ("plaintiff") filed a complaint in this action. On May 27, 2014, plaintiff served defendants Well Maid Cleaning Enterprises, Inc. and Well Maid Cleaning Service, Inc. (collectively, "defendants") with a copy of the complaint. On November 11, 2014, plaintiff moved for default judgment against defendants Well Maid Cleaning Enterprises, Inc. and Well Maid Cleaning Service, Inc.[1] On January 12, 2015, this Court granted the motion for default judgment on liability against both defendants and referred the matter to Magistrate Judge Brown for damages. On March 18, 2015, the case was reassigned to Magistrate Judge Shields. On August 21, 2015, Magistrate Judge Shields ordered plaintiff to appear for an inquest on damages pursuant to Rule 55. On November 3, 2015, plaintiff appeared before Magistrate Judge Shields and provided testimony as to hours and weeks worked, her duties, specific information regarding the places she worked, when she was expected to report, when she left, and breaks taken. After the hearing, plaintiff's counsel was directed to make

---

[1] There is no evidence that the individual defendant Salvador Frisina was ever served, and Plaintiff has sought no judgment of default as to him.

1

additional submissions as to the requests for damages and counsel fees, which he did on November 5, 2015.

Plaintiff seeks the following damages: (1) unpaid wages in the amount of $28,600.00; (2) liquidated damages under the Fair Labor Standards Act ("FLSA"), plus post judgment interest, in the amount of $28,600.00; (3) liquidated damages under the New York Labor Law ("NYLL"), plus post judgment interest, in the amount of $28,600.00; and (4) legal fees and expenses in the amount of $7,930.29.

On November 6, 2015, Magistrate Judge Shields issued a Report and Recommendation (the "R&R"), recommending that the Court award plaintiff, in connection with the default judgment against defendants, Well Maid Cleaning Enterprises, Inc. and Well Maid Cleaning Service, Inc., the amount of $87,130.29 in damages, representing (1) unpaid wages in the amount of $28,600.00; (2) liquidated damages under the FLSA in the amount of $28,600.00; (3) liquidated damages under the New York Labor Law in the amount of $22,000.00; and (4) attorneys' fees in the amount of $7,930.29. (*See* Report and Recommendation dated November 6, 2015, at 5.) The R&R further instructed that any objections to the R&R be submitted within fourteen (14) days. (*Id.*) No objections have been filed to date, although the date for filing such objections has expired.

A district judge may accept, reject, or modify, in whole or in part, the findings and recommendations of the Magistrate Judge. *See DeLuca v. Lord*, 858 F. Supp. 1330, 1345 (S.D.N.Y. 1994); *Walker v. Hood*, 679 F. Supp. 372, 374 (S.D.N.Y. 1988). When a party submits a timely objection to a report and recommendation, the district judge will review the parts of the report and recommendation to which the party objected under a de novo standard of review. *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination

of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). Where clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the report and recommendation without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); *see also Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). However, because the failure to file timely objections is not jurisdictional, the district judge can still excuse the failure to object in a timely manner and exercise its discretion to decide the case on the merits to, for example, prevent plain error. *See Cephas v. Nash*, 328 F.3d 98, 107 (2d Cir. 2003) ("[B]ecause the waiver rule is non jurisdictional, we 'may excuse the default in the interests of justice.'" (quoting *Thomas*, 474 U.S. at 155)).

Although no objections have been filed and thus *de novo* review is not required, the Court, in an abundance of caution, has conducted a *de novo* review of the Report and Recommendation and HEREBY ADOPTS the well-reasoned and thorough Report and Recommendation in its entirety. Accordingly,

IT IS HEREBY ORDERED that a judgment by default is entered in favor of plaintiff as against defendants Well Maid Cleaning Enterprises, Inc. and Well Maid Cleaning Service Inc. in

the amount of $87,130.29 in damages, representing (1) unpaid wages in the amount of $28,600.00; (2) liquidated damages under the FLSA in the amount of $28,600.00; (3) liquidated damages under the New York Labor Law in the amount of $22,000.00; and (4) attorneys' fees in the amount of $7,930.29.

IT IS FURTHER ORDERED that the Clerk of the Court enter judgment accordingly.

IT IS FURTHER ORDERED that plaintiff serve a copy of this Order on defendant.

IT IS FURTHER ORDERED that plaintiff advise the Court by December 4, 2015, as to whether plaintiff voluntarily dismisses the claims against the remaining defendant, Salvador Frisina.

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: November 24, 2015
Central Islip, NY